## Pincus v. Mutual Insurance Co.

*Pace Reich*, for plaintiffs.
*Harvey Bartle, III*, for defendants.

KALISH, *J.*, April 21, 1975—Plaintiffs' motion for the production and inspection of documents is denied.

Plaintiffs seek production and inspection of defendants' actuarial studies referred to in defendants' answer to plaintiffs' interrogatory no. 3 (second set). Defendant resists on the basis of Pa. R.C.P. 4011, which provides, in pertinent part:

"No discovery or inspection shall be permitted which

"(f) would require a deponent, whether or not a party, to give an opinion as an expert witness, over his objections."

The expert who made the studies objects to its disclosure. Section (f) is applicable to expert opinion contained in written as well as oral statements: Lumbermens Merchandising Corporation v. Insurance Company of North America, 43 D. & C. 2d 715 (1968); Maruca v. Cherry-Burrell Corp., 19 Bucks 244 (1969).

The fact that an expert's report is at issue does not automatically preclude inspection under Pa. R.C.P. 4011(f). In fact, courts have made a distinction between objective facts and expert opinion contained in written reports, allowing discovery of the former and exclusion of the latter, when separation is feasible. See Lumbermens Merchandising Corporation v. Insurance Company of North America, supra, and Maruca v. Cherry-Burrell

Corp., supra. However, such is not the case here. We have carefully examined the actuarial studies in camera and conclude that expert opinion in the form of assumptions, conclusions and recommendations, is so pervasive and so inextricably connected to the objective facts that separation of one from the other is virtually impossible. Consequently, Pa. R.C.P. 4011(f) precludes production and inspection of the studies at issue.

Accordingly, the court enters the following

## ORDER

And now, April 21, 1975, it is hereby ordered that plaintiffs' motion for the production and inspection of documents is denied.